UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAUN ROBINSON,<br><br>       Plaintiff,<br><br>   v.<br><br>RENOWN REGIONAL MEDICAL CENTER, et. al.<br><br>       Defendants. | Case No. 3:16-cv-00372-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

### **I. BACKGROUND**

On June 24, 2016, Plaintiff filed his application to proceed in forma pauperis (IFP) (Electronic Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1) against Renown Regional Medical Center, Alma Medina, Allie Saunders, Teena Thomas, Krista Stryker, Susan Oetjen, Mandy Roberts, Leon Gill, Megan Pailing, and Sonia Torres, alleging generally that he was discriminated against based on his gender.

On August 8, 2016, the undersigned issued a report and recommendation indicating that Plaintiff's IFP application should be granted; that Plaintiff should be allowed to proceed with the Title VII claims against the Defendants set forth in counts one through six of the complaint, as well as the intentional infliction of emotional distress claim in count eight; and that the unreasonable intrusion upon seclusion claim in count seven of the complaint should be dismissed with prejudice. (ECF No. 5.)

Plaintiff filed an objection to the report and recommendation on August 17, 2016 (ECF No. 6); however, the very next day he filed an amended complaint (ECF No. 7). The court interprets the filing of the amended complaint as rendering the objection moot, and will now address Plaintiff's IFP application again, and screen the amended complaint.

## II. IFP APPLICATION

A person may be granted permission to proceed in forma pauperis (IFP) if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's application reveals that he is unable to pay the filing fee. As a result, Plaintiff's application to proceed IFP (ECF No. 1) should be granted.

## III. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

1    Dismissal of a complaint for failure to state a claim upon which relief may be granted is
2  provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same
3  standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended
4  complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review
5  under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,
6  232 F.3d 719, 723 (9th Cir. 2000).

7    In reviewing the complaint under this standard, the court must accept as true the
8  allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),
9  construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the
10 plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se
11 complaints are held to less stringent standards than formal pleadings drafted by lawyers, and
12 must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
13 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

14   A complaint must contain more than a "formulaic recitation of the elements of a cause of
15 action," it must contain factual allegations sufficient to "raise a right to relief above the
16 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
17 must contain something more...than...a statement of facts that merely creates a suspicion [of] a
18 legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and
19 Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough
20 facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*,
21 556 U.S. 662, 678 (2009).

22   A dismissal should not be without leave to amend unless it is clear from the face of the
23 complaint that the action is frivolous and could not be amended to state a federal claim, or the
24 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d
25 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th
26 Cir. 1990).

27 ///
28 ///

**B. Plaintiff's Amended Complaint**

The amended complaint names the following Defendants: Renown Regional Medical Center (Renown), Alma Medina, Allie Saunders, Teena Thomas, Krista Stryker, Susan Oetjen, Mandy Roberts, Leon Gill, Megan Pailing, Sonia Torres[1], Katherine Sims[2], and Doe defendant float nurses.

The allegations are by and large the same as in the original complaint, with the inclusion of a few additional details concerning the alleged discriminatory environment Plaintiff claims to have experienced at Renown.[3] The eight causes of action asserted in the original complaint are virtually the same as those asserted in the amended complaint; however, despite the recommendation that the intrusion upon seclusion claim be dismissed *with prejudice*, the amended complaint elaborates on this claim and also includes a claim for defamation in count seven.

The court still recommends that Plaintiff be permitted to proceed with his Title VII claims against Defendants in counts one through six, as well as the intentional infliction of emotional distress claim in count eight of the amended complaint for the reasons stated in the initial report and recommendation. (*See* ECF No. 5.) The court will now address the amended count seven which asserts the State law invasion of privacy claim of intrusion upon seclusion as well as defamation.

In the amended complaint, Plaintiff asserts that Defendants would give him poor evaluations and false corrective actions because he was a male, which he claims is defamatory because the statements were baseless. (ECF No. 7 at 26 ¶ 122.)

---

[1] As in the original complaint, Ms. Torres is not listed in the caption of the amended complaint but is included as a defendant in the body of the amended complaint. (ECF No. 7 at 7 ¶28.)

[2] The amended complaint includes reference to Katherine Sims, although she is not listed as a defendant in the caption. She is described as a critical care technician at Renown, who entered into a multi-month relationship with Plaintiff, and he alleges that she participated in discrimination against Plaintiff along with the other defendants. (ECF No. 7 at 7 ¶ 27.)

[3] The allegations are summarized in detail in the report and recommendation screening the original complaint. (ECF No. 5.)

- 4 -

The elements of a defamation claim in Nevada are: "(1) a false and defamatory statement ...; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark County School Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 503 (Nev. 2009) (internal quotation marks omitted). "However, if the defamatory communication imputes a person's lack of fitness for trade, business, or profession, or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." *Id*. (internal quotation marks and citation omitted).

Elsewhere in his complaint, Plaintiff alleges that Roberts and Medina purposefully gave him poor evaluations. (ECF No. 7 at 11 ¶ 45.) He also avers that on September 9, 2013, he was given a written "corrective action" concerning his work performance (that he did not inform a nurse of low brood pressures, a bed alarm was turned off, and he did not document something a nurse saw) which he claims was false. (ECF No. 7 at 15-16 ¶ 64.)

Plaintiff does not identify who was responsible for generating this "corrective action," so as to implicate any particular defendant with respect to this claim. In both instances, he fails to allege facts indicating the unprivileged publication of the allegedly false statements to a third person. Instead, Plaintiff alleges that *he* is the one who advised his manager, Ms. Medina, and Ms. Oetjen, of the allegedly false "corrective action," and that *he* complained to Ms. Oetjen and Mr. Gill that his evaluation was purposefully poor because he is a male. (ECF No. 7 at 11 ¶ 46; 14 ¶ 58; 15 ¶63; 16 ¶ 65.)

For these reasons, it is recommended that the defamation claim be dismissed. Plaintiff should be given an opportunity to amend, if possible, to correct the noted deficiencies. Plaintiff should be reminded that to state a colorable claim for defamation he must implicate a particular defendant, and must allege *facts* indicating: the false/defamatory statement, the unprivileged publication to a third party, fault and damages.

Insofar as the intrusion upon seclusion claim is concerned, Plaintiff goes on to repeat the allegation from the original complaint that he entered into a romantic relationship with Ms. Sims, and further alleges that he had communications with Ms. Sims outside of work concerning their

relationship. (ECF No. 7 at 26 ¶¶ 123-124.) He contends that Ms. Sims went to Renown's human resources department and purposefully misrepresented and lied about Plaintiff's character, his communications with her (via text), and his actions. (*Id*. ¶124.) He avers that Defendants gave legal counsel, instructed and advised Ms. Sims to take actions against Plaintiff that would affect him, which he claims was an invasion of his privacy. (*Id*. ¶125.) Finally, he alleges that Defendants "investigated, searched, pried and obtained personal information about Plaintiff's off-work 'text conversations' and associations in an attempt to utilize this information to further the discrimination against Plaintiff." (*Id*. at 27 ¶ 126.) He asserts that Renown is not privileged or otherwise allowed to violate his seclusion to associate with Ms. Sims and develop a relationship with her "free from prying eyes." (*Id*.)

As indicated in the initial report and recommendation screening Plaintiff's complaint, Nevada recognizes the privacy tort of unreasonable instruction upon seclusion, which is a "physical invasion upon the 'solitude or seclusion' of another," with the "rationale being that one should be protected against intrusion by others into one's private 'space' or private affairs." *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 630, 895 P.2d 1269, 1279 (Nev. 1995) (citation omitted), *overturned on other grounds by City of Las Vegas Downtown Redev. Agency v. Hecht*, 113 Nev. 644, 650, 940 P.2d 134, 138 (Nev. 1997). "Simply put, the intrusion tort gives redress for interference with one's 'right to be left alone.'" *Id*. In asserting this tort, a plaintiff must allege: (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person." *Id*. The plaintiff "must show that he or she had an actual expectation of seclusion or solitude and that the expectation was objectively reasonable." *Id*., 111 Nev. at 631, 895 P.2d at 1279. "The extent to which seclusion can be protected is severely limited by the protection that must often be accorded to the freedom of action and expression of those who threaten the seclusion of others." *Id*., 895 P.2d at 1279 (citation omitted). "The question of what kinds of conduct will be regarded as 'highly offensive' intrusion is largely a matter of social conventions and expectations." *Id*. at 1281 (citation omitted). In making this determination, courts should look at: "the degree of intrusion, the context, conduct and circumstances surrounding the

1  intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and
2  the expectations of those whose privacy is invaded." *Id*. at 1282.
3       The court still finds Plaintiff has not alleged facts to state a colorable claim for intrusion
4  upon his seclusion. In fact, his claim is belied by his allegations that it was Ms. Sims who
5  allowed her employer access to text messages that Plaintiff sent to her. While Plaintiff makes a
6  brief claim that Defendants investigated and obtained personal information about Plaintiff, he
7  limits this to his "off-work 'text conversations' and associations" which the court interprets as
8  referencing the same text messages that were disclosed by Ms. Sims. Plaintiff does not allege
9  that Defendants otherwise gained inappropriate access to his telephone, or searched his mail or
10 email or some other tactic that would support a claim for intrusion into his seclusion. The court
11 finds, as it did initially, that providing Ms. Sims with legal advice concerning Plaintiff did not
12 intrude upon Plaintiff's seclusion.
13      This invasion of privacy tort requires that the defendant intrude into Plaintiff's private
14 seclusion; but here, Plaintiff's allegations only suggest that the third party to whom Plaintiff
15 communicated opened up their conversations to the defendant. The court cannot conclude that
16 this rises to the level of intrusion into Plaintiff's seclusion, or that Plaintiff had a reasonable
17 expectation of privacy in words he had already conveyed to a third party that the third party then
18 decided to disclose.
19      Consequently, the court again recommends that this claim be dismissed. As Plaintiff was
20 unsuccessful at pleading this claim for a second time, the court recommends that the dismissal be
21 with prejudice.
22      Finally, insofar as he seeks to state a defamation claim against Ms. Sims, he does not
23 allege what false statements she allegedly made about Plaintiff or how he was damaged. If
24 Plaintiff does in fact wish to state a claim for defamation against Ms. Sims, he should be given
25 an additional opportunity to amend in this regard.
26 ///
27 ///
28 ///

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's application to proceed IFP (ECF No. 1). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) Directing the Clerk to **FILE** the amended complaint (ECF No. 7).

(3) Allowing the complaint to **PROCEED** on the Title VII claims in counts one through six and the intentional infliction of emotional distress claim in Count Eight.

(4) **DISMISSING WITH PREJUDICE** the unreasonable intrusion upon seclusion claim in count seven.

(5) **DISMISSING WITH LEAVE TO AMEND** the defamation claim in count seven.

(6) Plaintiff should be given thirty days from the date of an order adopting and accepting this report and recommendation to file, if he desires, a second amended complaint to cure ONLY the deficiencies noted with respect to the defamation claim in count seven. The second amended complaint shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the second amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading by placing the words "SECOND AMENDED COMPLAINT" on page 1 of the caption, and shall place the case number above that title. If Plaintiffs fail to file a second amended complaint within the time prescribed, he should be advised that the court will proceed on the amended complaint, as recommended in this Report and Recommendation.

(7) Service of the summons and complaint should be addressed upon the filing of the second amended complaint, or the expiration of the deadline to file the second amended complaint, whichever occurs first.

///

///

///

Plaintiff should be advised:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  August 23, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE