UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN ROBINSON,<br><br>                Plaintiff,<br>     v.<br><br>RENOWN REGIONAL MEDICAL CENTER, *et al.*,<br><br>                Defendants. | Case No. 3:16-cv-00372-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court are two Reports and Recommendations of United States Magistrate Judge William G. Cobb (ECF Nos. 5, 8) ("August 8 R&R" and "August 23 R&R") relating to Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP application") (ECF No. 1). In the August 8 R&R, the Magistrate Judge recommended granting Plaintiff's IFP application and permitting Plaintiff to proceed on the claims set forth in counts 1 through 6 and count 8 and dismissing count 7. (ECF No. 5.) Plaintiff filed an objection, as well as a first amended complaint ("FAC"). (ECF Nos. 6, 7.) The Magistrate Judge construed the objection as moot by the filing of the first amended complaint ("FAC") and screened the FAC. (ECF No. 8.) The Magistrate Judge issued the August 23 R&R. (*Id.*) Plaintiff objected to the August 23 R&R and filed a proposed second amended complaint ("SAC"). (ECF Nos. 9, 10.) The Court agrees with the Magistrate Judge that Plaintiff's objection to the August 8 R&R was rendered moot by his filing of the FAC and the August 8 R&R is also rendered moot by the August 23 R&R. Thus, the August 8 R&R (ECF No. 5) is overruled as moot. The Court adopts the August 23 R&R.

1    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objections, the Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Cook's Recommendation.

In the August 23 R&R, the Magistrate Judge recommends granting the IFP application, permitting Plaintiff to proceed on counts one through six and count eight, dismissing with prejudice the unreasonable intrusion upon seclusion claim in count seven, and dismissing with leave to amend the defamation claim in count seven. (ECF No. 8.) The Magistrate Judge further recommends giving Plaintiff thirty (30) days from the order adopting the R&R to file a second amended complaint to cure only the deficiencies noted with respect to the defamation claim. (*Id.* at 8.) Having reviewed the August 23 R&R and Plaintiff's objection, the Court agrees with the Magistrate Judge that Plaintiff fails to state an actionable claim for intrusion upon seclusion under Nevada law.

Because Plaintiff filed an SAC without waiting for the Court to adopt the August 23, R&R, the Court has screened the SAC and finds that Plaintiff fails to state a defamation claim. Under Nevada law, a *prima facie* case of defamation is established if the plaintiff alleges: "(1) a false and defamatory statement by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pacquiao v. Mayweather*, 803 F. Supp. 2d 1208, 1211 (D. Nev. 2011) (citing *Wynn v. Smith*, 16 P.3d 424, 427 (2001)). "If the defamation tends to injure the plaintiff in his or her business or profession, it is deemed defamation *per se*, and damages will be presumed." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993). In the proposed SAC, Plaintiff added allegations to identify that Defendants Allie Sanders, Alma Medina and Mandy Roberts "would give him poor evaluations, would give false 'Corrective Actions' and the contents of these were

1 | false because he was a male CAN." These allegations do not state a claim for
2 | defamation. They fail to identify the purposed false statement of facts and unprivileged
3 | publication to a third person. In light of the fact that Plaintiff has attempted to amend the
4 | complaint to try to cure the deficiencies of his defamation claim, the Court will not
5 | provide further leave to amend.

6 | It is therefore ordered, adjudged and decreed that the Report and
7 | Recommendation of Magistrate Judge William G. Cobb (ECF No. 8) is accepted and
8 | adopted, except for the recommendation that Plaintiff be given thirty (30) days to file an
9 | amended complaint since Plaintiff filed a proposed SAC without waiting for a decision on
10 | the R&R. The August 8 R&R (ECF No. 5) is mooted by Plaintiff's filing of the FAC and
11 | the issuance of the August 23 R&R.

12 | Plaintiff's IFP application (ECF No. 1) is granted. Plaintiff is permitted to maintain
13 | this action to conclusion without the necessity of prepayment of fees or costs or the
14 | giving of security therefor. This order granting *in forma pauperis* status does not extend
15 | to the issuance of subpoenas at government expense.

16 | The Clerk is directed to file the second proposed amended complaint (ECF No.
17 | 9). Plaintiff is allowed to proceed on the Title VII claims in counts one through six and the
18 | intentional infliction of emotional distress claim in count eight. The unreasonable
19 | intrusion upon seclusion claim in count seven is dismissed with prejudice. The
20 | defamation in count seven is dismissed without prejudice and without leave to amend.

22 | DATED THIS 30th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE