| | |
|---|---|
| SHAUN ROBINSON, | 3:16-cv-00372-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 54 |
| RENOWN REGIONAL MEDICAL CENTER, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 54). Defendants have responded to the motion (ECF No. 62) and Plaintiff has replied (ECF No. 64). The court conducted a hearing on Plaintiff's motion on Wednesday, May 17, 2017. For the reasons expressed in this order, Plaintiff's motion is denied.

## I. BACKGROUND OF MOTION

Plaintiff's motion arises from allegations contained in his Fifth Claim for Relief regarding "Hostile Environment and Harassment." (ECF No. 54 at 3.) Plaintiff avers in his motion certain nurses employed by Renown Regional Medical Center ("Renown") where Plaintiff worked as a Certified Nursing Assistant[1] "...antagonized, worked against and intentionally sabotaged Plaintiff's work performance by not answering Plaintiff, avoid (sic) answering call lights, avoiding their responsibilities to patients... ." (*Id.*, citing Plaintiff's Second Amended Complaint, ECF No. 13, p. 17, ¶ 69.)

Plaintiff's motion arises from certain discovery he commenced with respect to Plaintiff's averments of discrimination/hostile employment environment. Plaintiff sought production of data from

---

[1] Plaintiff's motion only pertains to Renown and not the individually named Defendants.

a Renown phone/computer system Plaintiff states was known as "Avaya." More specifically, Plaintiff's

motion states that "Plaintiff simply asks for inbound/outbound calls for the days he was schedules (sic)

at Renown on the 8th Floor Tahoe Tower Telemetry Unit. [Exhibit 2, p. 8, ¶ 12]." (ECF No. 54 at 6; *see*

*also id.* at ¶ 12.)

Plaintiff contends that Renown initially represented it could produce a "Nurse Call Activity

Report" for the relevant time period. (ECF No. 54 at 12, 13.) Renown, however, subsequently advised

Plaintiff that due to a pre-existing computer "crash," Renown could not produce any reports pertinent

to the 2014 time period during Plaintiff's employment, including a date specifically targeted by Plaintiff

of October 1, 2014:

> "Renown Health is agreeable in principle to producing the inbound/outbound calls for Tahoe Tower Telemetry 8 on October 1, 2014. However, such call reports are non-existent or non-retrievable because the server that housed such reports crashed approximately 3 years ago and was not replaced. I will continue to follow up with Renown Health's IT specialists and will notify you if I learn of information that may change my understanding." (ECF No. 54 at 12; referencing document ECF No. 54-16 (Exhibit 15).)

Plaintiff contends that under Fed. R. Civ. P. 37(e), Renown should have anticipated the relevance

of such call logs and attendant data and undertaken steps to preserve such materials. (ECF No. 54 at 6.)

Plaintiff argues the failure to preserve this evidence connotes an "intent to deprive" Plaintiff access to

such documentation. (*Id.* at 7.) As a sanction, Plaintiff requests that under Rule 37(e)(2)(B), the court

order that the jury be instructed the Renown data, had it been available, would have been "unfavorable"

to Renown. (ECF No. 54 at 14.)

Renown opposed Plaintiff's motion (ECF No. 62). Renown submits that its telephone system

as it existed in 2014 did not have the "exact same type of Avaya software" referred to in Plaintiff's

internet searches which are the predicate for his motion. Instead, Renown utilized a PBX system which

was comprised of over 7,000 phone lines. The "reporting capabilities for a PBX system is not inherent."

Declaration of Renown's Manager of IT Client Services, Cyndia Fernandez (ECF No. 62-2 at 3, ¶ 5.)[2]

/ / /

---

[2] Ms. Fernandez at the time of Plaintiff's employment was Renown's "Telecom Manager." (ECF No. 62-2 at 2, ¶ 2.)

Most importantly to this motion, Ms. Fernandez further represents the Renown server which housed the "call log data" sought by Plaintiff "failed prior to 2014." (*Id.* at ¶ 8.) At oral arguments on Plaintiff's motion, Renown's counsel represented more specifically that the PBX server crashed in January 2013. Renown is currently in the process, estimated to last 18 months and at considerable expense, of installing a new Cisco system.

Based on the Fernandez declaration, Renown states that data Plaintiff seeks for 2014 is simply not available and that because of the server's crash prior to 2014 (ECF No. 62-2 at 8), Renown "did not have the capability to produce call log reports or data in 2014." (*Id.* at 7.)

Renown also argues that Renown in any event was not under a duty to preserve such evidence until - at the earliest - upon the commencement of Plaintiff's lawsuit in August 2016. (ECF No. 62 at 3.) Prior to that date, Plaintiff's charges of discrimination in employment made to the Nevada Equal Rights Commission (NERC) and to the EEOC were only predicated on alleged discrimination by other Renown nurses (mainly female) who harassed Plaintiff because he was "the only male CNA." (ECF No. 54-6.) Plaintiff did not assert in his NERC complaint, Renown argues, that the discrimination to which he was subjected was predicated upon or demonstrated by Renown nurses rejecting Plaintiff's phone calls or failing to communicate with Plaintiff by telephone. Renown states "Rather, Plaintiff's Charge of Discrimination only references an alleged denial of "phone coverage." (ECF No. 62 at 3.)

Plaintiff's reply memorandum (ECF No. 64) restates his earlier arguments. Plaintiff contests the conclusions submitted by Renown's IT Manager, describing them as being "extremely convenient" and that Ms. Fernandez's statements constitute "a very vague declaration which is an unjust excuse." (ECF No. 64 at 4.) Plaintiff contends the Fernandez declaration does not establish what server system Renown utilized in 2014, nor an explanation how the post-2013 system functions. He characterizes the declaration as being "fundamentally defective." (*Id.* at 7.) Plaintiff does not, however, submit a counter declaration of a qualified information technology individual to rebut any of the Fernandez representations.

///

///

3

## II. GOVERNING LAW RE FAILURE TO PRESERVE ESI

Federal Rule of Civil Procedure 37(e) governs Plaintiff's motion.  It provides as follows:

> (e)    Failure to    Preserve Electronically Stored Information.    If electronically stored information that should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Prior to invoking the sanction sought by Plaintiff to be imposed against Renown, i.e., the adverse jury instruction under Rule 37(e)(2)(B), Plaintiff is required to demonstrate that (1) Renown failed to take reasonable steps to preserve evidence which Renown should have appreciated could be relevant to possible claims, (2) that Renown did so with the intent to deprive Plaintiff of such data, and (3) that the "lost" evidence is prejudicial to the Plaintiff.

## III. DISCUSSION

As a starting point, it appears to the satisfaction of the court that the Renown server which might have maintained certain data sought by Plaintiff "crashed" or otherwise ceased functioning as a data maintenance device prior to 2014.   Additionally, although Plaintiff contests the conclusory nature of the Fernandez declaration, Plaintiff presents no credible information the Renown telephone server was even recording that data sought by Plaintiff in the 2014 era.  The simple fact of the matter is that the documentation never existed during the relevant time period.

Secondly, the court is skeptical of and therefore rejects Plaintiff's claims that his NERC and EEOC complaints should have put Renown on notice of the potential relevance of his call data - even if it were recoverable (which the court finds the 2014 data Plaintiff seeks was neither saved nor recoverable).  As such, not being reasonably aware of the potential relevance of such data, and because the data is unavailable through mechanical-electronic equipment failure, the court necessarily finds there

4

is no credible evidence of any intent by Renown to deprive Plaintiff of the telephonic data, an indispensable element of the criteria for imposition of the adverse jury instruction Plaintiff seeks herein. Fed. R. Civ. P. 37(e)(3).

Finally, the court questions the relevance of the call data. Plaintiff's argument that a call log might have revealed a telephone call Plaintiff made to one of the individually-named Defendants went unanswered is of dubious relevance to his claims of discrimination/hostile environment.

Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 54) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 24, 2017.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE