UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN ROBINSON, | Case No. 3:16-cv-00372-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| RENOWN REGIONAL MEDICAL CENTER, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Before the Court is a motion to dismissed ("Motion") filed by Renown Health ("Renown") and Alma Medina, Allie Saunders, Tena Thomas, Suzanne Oetjen, Mandy Roberts, Leon Gill, Megan Pailing, Katherine Sims and Sonia Torres (collectively, "Individual Defendants")[1]. (ECF No. 27[2].) The Court has reviewed Plaintiff's response (ECF No. 35) and Defendants' reply (ECF No. 40). For the reasons discussed below, Defendants' Motion is granted.

---

[1] According to Defendants, Renown is incorrectly named as "Renown Regional Medical Center" and Suzanne Oetjen is incorrectly named as "Susan Oetjen" in the complaints. (ECF No. 27 at 1.) Defendants also ask the Court to dismiss claims against Sonia Torres even though she had not been served with process at the time the Motion was filed. (*Id.* at n. 1.) Service has not been effectuated as of the date of this Order.

[2] Defendants subsequently filed a corrected image of the Motion (ECF No. 30), although the difference between the two documents eludes the Court.

## II. RELEVANT BACKGROUND

Plaintiff Shaun Robinson initiated this employment dispute against his former employer, Renown Health, and Individual Defendants who allegedly participated in gender discrimination against Plaintiff. In connection with Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP application"), the Court screened Plaintiff's proposed complaint, first amended complaint and second amended complaint ("SAC") pursuant to 28 U.S.C. § 1915. (ECF Nos. 5, 8, 11.) The Court permitted Plaintiff to proceed on counts one through six (alleging Title VII violations) and count eight (alleging infliction of emotional distress), and dismissed count seven (alleging defamation and intrusion upon seclusion). (ECF No. 11.) The following facts are taken from the SAC (ECF No. 13.)

Plaintiff, a Caucasian man, became a Certified Nursing Assistant ("CNA") in October 2013. (*Id.* at 8-9.) Plaintiff received an offer of employment from Renown on November 18, 2013, which he accepted. (*Id.* at 9.) Plaintiff was the only male dayshift CNA on the floor where he worked and was subjected to alleged discriminatory treatment because of his gender, including receiving a poor 90-day performance evaluation, getting more burdensome work assignments, being refused assistance with patients and phone coverage for breaks from his female co-workers, and being subjected to name calling, intimidation and ridicule. (*Id.* at 9-14.) Plaintiff complained about his poor performance evaluation and alleged discrimination, but his complaints were not addressed. (*Id.* at 14-16.) Plaintiff's employment was suspended on October 8, 2014, and terminated on October 16, 2014, for alleged patient documentation issues which Plaintiff claims were false. (*Id.* at 17-20.)

## III. LEGAL STANDARD

As an initial matter, Plaintiff argues that because the Court screened his SAC, Defendants' Motion essentially ask for reconsideration of the Court's screening order. (ECF No. 6-7.) While the Court applies the same standard for determining whether the SAC states a claim under Fed. R. Civ. P. 12(b)(6) when screening the SAC as required

///

under 28 U.S.C. § 1915, a defendant is not foreclosed from seeking dismissal under Rule 12(b)(6).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain

3

recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

## IV. DISCUSSION

Defendants' Motion seeks dismissal of the following claims in the SAC: (1) Title VII claims (the first six claims) against the Individual Defendants; (2) eighth claim for intentional infliction of emotional distress; (3) first and sixth claims for failure to exhaust administrative remedies; and (4) third and fourth claims as they are duplicative of Plaintiff's second claim and fifth claim, respectively. (ECF No. 27.) The Court will address each request in turn below.

### A. Title VII Claims Against Individual Defendants

Defendants argue that the law is clearly established that individual employees are not subject to civil liability under Title VII. (ECF No. 27 at 5-6.) The Court agrees. "[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." *Pink v. Modoc Indian Health Project,* 157 F.3d 1185, 1189 (9th Cir. 1998).

In his response, Plaintiff appears to suggest that individuals may be sued for Title VII violations under 42 U.S.C. § 1983. (ECF No. 35 at 7-9.) However, the SAC does not allege section 1983 claims. Moreover, to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Where, as here, Defendants are private parties, the Court "start[s] with the presumption that private conduct does not constitute governmental action." *See Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 836 (9th Cir. 1999) (examining the "color of law" framework

under section 1983 and its application to the Religious Freedom Restoration Act). To determine whether the infringement "was committed by a person acting under color of law," courts apply a two-part test: (1) "the deprivation must result from a governmental policy" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a governmental actor." *Id.* (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). The Complaint alleges that Renown is a "Domestic Non-profit Corporation" and the Individual Defendants are either current or former employees of Renown. (ECF No. 13 at 4-7.) Thus, even accepting the allegations in the SAC as true, there is no allegation the Individual Defendants acted pursuant to a governmental policy or are governmental actors.

Plaintiff cannot sue the Individual Defendants under Title VII. Accordingly, claims against the Individual Defendants as alleged in the first six claims for relief will be dismissed.

### B. Eighth Claim for Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff's allegations in support of this claim all involve their alleged discriminatory conduct and do not rise to the level of extreme or outrageous conduct required under Nevada law. (ECF No. 27 at 5-7, 9.) In response, Plaintiff reiterated his allegations about alleged conduct of certain Individual Defendants that were outside of Renown's normal course of business, including the refusal to give Plaintiff a letter of recommendation and the failure to investigate his complaints of discrimination and harassment. (ECF No. 35 at 15-16.)

"The elements of a cause of action for intentional infliction of emotional distress are '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation.'" *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Conduct is extreme or outrageous if it is atrocious, beyond all possible bounds of decency, and utterly intolerable. *Churchill v. Barach*, 863 F.Supp. 1266, 1275 (D.Nev.1994).

Accepting Plaintiff's allegations as true, Defendants allegedly engaged in illegal discrimination and tolerated a work environment where Plaintiff was given a negative performance evaluation, did not have the support of his fellow employees or supervisory employees, many of whom refused to help him and even shunned him, and was terminated for discriminatory reasons. While illegal discrimination is offensive conduct, the claim for intentional inflict of emotional distress requires more than conduct taken during the normal course of the employment relationship. *See Welder v. University of Southern Nevada,* 833 F.Supp.2d 1240, 1245-46 (D. Nev. 2011). The Court thus grants Defendants' Motion with respect to the eighth claim for relief.

### C. Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff failed to exhaust administrative remedies with respect to his first claim for relief alleging gender discrimination based on a disparate impact theory and his sixth claim for relief alleging discrimination in terms of equal pay and compensation under Title VII. (ECF No. 27 at 6-9.) In particular, Defendants contend that these claims were not raised in the charge of discrimination ("the Charge") that Plaintiff alleged he filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). Plaintiff's response recites the process that he went through in filing the Charge and the allegations in the Charge, and argues that his equal pay claim is related to the Charge.[3] (ECF No. 35 at 9-12.)

Exhaustion of administrative remedies is a prerequisite to adjudication of claims for discrimination under Title VII. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim"); *Sanchez v. Pac. Powder Co.,* 147 F.3d 1097, 1099 (9th Cir. 1998) (same for ADEA claims). "Incidents of discrimination not included in an EEOC

---

[3]Plaintiff provides a copy of the Charge in his response. (ECF No. 35-1 at 6-7.) While Defendants' Motion references the Charge as an exhibit, no such exhibit was filed. (ECF No. 27 at 8.) Because the Complaint asserts that Plaintiff filed the Charge and relies on the Charge to allege that he has exhausted his administrative remedies (ECF No. 9 at 7-8), the Court may consider this document in ruling on Defendants' Motion to Dismiss. *See Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1475-76 (9th Cir. 1989) (quoting *Brown v Pudget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir. 1984). In considering whether an allegation falls within the category of "like or reasonably related allegations," courts consider "whether the original EEOC investigation would have encompassed the additional charges [and] can include the scope of an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990) (quoting *Green*, 883 F.2d at 1476) (internal quotation marks omitted) (emphasis in original). Moreover, in making this inquiry, courts "must construe the charge liberally." *Id.*

Here, the Charge alleges that Plaintiff "was subjected to harassment and different terms and conditions of employment" during the course of his employment with Renown from November 23, 2013, through October 18, 2014. (ECF No. 35-1 at 6.) The Charge goes on to provide a narrative of the adverse treatment to which Plaintiff was allegedly subjected. (*Id.* at 6-7.) These additional details do not include allegations that Plaintiff did not receive equal compensation based on race or gender. However, construing the Charge liberally (*see Sosa,* 920 F.2d at 1456), the EEOC's investigation of the allegations in the Charge that Plaintiff was subjected to "different terms and conditions of employment" can be reasonably expected to include disparity in compensation. The Court thus finds that Plaintiff has exhausted his administrative remedies as to his sixth claim for relief.

The Court cannot make the same finding with respect to Plaintiff's first claim for relief, which asserts gender discrimination based on a disparate impact theory of liability.[4]

---

[4]"A claim of disparate impact challenges 'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" *Stout v. Potter,* 276 F.3d 1118, 1121 (9th Cir. 2002) (quoting *Int'l Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n.15, (1977).

1 This claim involves allegations that Renown "utilizes set of seemingly neutral polices []
2 and procedures . . . which they operate to have a substantial disparate impact" on male
3 applicants and employees. (ECF No. 13 at 21.) Plaintiff's allegation that he was subjected
4 to discrimination because of gender are not reasonably related to the allegations
5 underlying the first claim for relief that Renown's policies and procedures, while neutral,
6 adversely affected male employees like Plaintiff. To put it more simply, the Charge is all
7 about how Plaintiff himself was treated differently because of his gender and race; the
8 allegations supporting the first claim for relief is about how Renown's employment
9 practices negatively affected male employees more than female employees. The EEOC's
10 investigation into the former set of allegations—how Plaintiff was treated differently—
11 would not reasonably encompass the latter set of allegations—how Renown's
12 employment practices affected male employees.

Because the Charge did not include allegations of gender discrimination based on a disparate impact theory, Plaintiff has not exhausted his administrative remedies with respect to this claim. The Court thus grants Defendants' request to dismiss the first claim for relief.

### D. Duplicative Claims

The Court agrees with Defendants that the third claim for relief is duplicative of the second claim for relief. (ECF No. 27 at 9.) The second claim for relief alleges that Plaintiff was treated differently because of his gender. (ECF No. 13 at 22.) Plaintiff cites to his 90-day performance evaluation, termination and failure to investigate his complaints of discrimination as support for this claim. (*Id.*) In support of his third claim for relief alleging unlawful gender discrimination under Title VII, Plaintiff asserts that his employment was suspended and terminated because of his gender. (*Id.* at 23.)

The Court similarly agrees with Defendants that the fourth claim for relief is duplicative of the fifth claim for relief. Both claims appear to allege a hostile work environment based on gender in violation of Title VII. (ECF No. 13 at 23-25.) Because
///

the fifth claim contains more detailed allegations that are recited in connection with the fourth claim, the Court will dismiss the fourth claim.

In sum, the Court will dismiss the third and fourth claims. Dismissal of these claims would not preclude Plaintiff from relying on the facts alleged in connection with these claims to support his second and fifth claims.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motion.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 27) is granted in part and denied in part. The Court dismisses (1) all claims against the Individual Defendants, (2) the eighth claim for relief alleging intentional infliction of emotional distress, (3) the first claim for relief for failure to exhaust administrative remedies, (4) the third claim for relief as duplicative of the second claim for relief, and (5) the fourth claim for relief as duplicative of the fifth claim for relief. The Court denies Defendants' Motion with respect to the sixth claim for relief.

The Clerk is directed to enter judgment in favor of the Individual Defendants in accordance with this Order.

DATED THIS 10th day of July 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE