UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN ROBINSON<br><br>                       Plaintiff,<br>    v.<br><br>RENOWN REGIONAL MEDICAL CENTER, *et al.*,<br><br>                       Defendants. | Case No. 3:16-cv-00372-MMD-WGC<br><br>ORDER |

The Magistrate Judge denied Plaintiff's motion for sanctions for spoliation of evidence. (ECF No. 66.) Before the Court is Plaintiff Shaun Robinson's Objection to Denial of Rule 37(e) Sanctions ("Objection"). (ECF No. 67.) The Court has reviewed Defendant's response. (ECF No. 72.) For the reasons discussed herein, the Court overrules Plaintiff's Objection.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or

misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

The Magistrate Judge found that Defendant has demonstrated that the data Plaintiff seeks—"'inbound/outbound' calls made to and from Plaintiff, his coworkers, and Tahoe Tower Telemetry 8 staff for his schedules [sic] day at Renown" (ECF No. 54 at 4)—which might have been maintained had ceased functioning as a data maintenance device before 2014. (ECF No. 66 at 4.) The Magistrate Judge also rejected Plaintiff's contention that Defendant should have been put on notice that this information may be relevant to his claim of gender harassment as alleged in his charge of discrimination filed with the Nevada Equal Rights Commission and the U.S. Equal Employment Opportunity Commission. (*Id.* at 4-5.) Plaintiff has not demonstrated that the Magistrate Judge's findings are clearly erroneous or contrary to law. In fact, this Court agrees with the Magistrate Judge's findings.

It is therefore ordered that Plaintiff's Objection to Denial of Rule 37(e) Sanctions (ECF No. 67) is overruled.

DATED THIS 23rd day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2