UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN ROBINSON,<br><br>Plaintiff,<br>v.<br><br>RENOWN REGIONAL MEDICAL CENTER, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00372-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

The Court granted summary judgment in favor of Defendant Renown Health on Plaintiff Shaun Robinson's remaining three claims—gender discrimination (claim two), harassment based on gender (claim five), and unequal pay (claim six).[1] (ECF No. 93.) Plaintiff has filed three motions: (1) Rule 52 Motion to Admit and Amend Finding of Facts ("Rule 52 Motion) (ECF No. 100); (2) Rule 59(e) Motion to Alter or Amend Judgment ("Rule 59(e) Motion") (ECF No. 101); and (3) Rule 59 Motion for New Trial ("Rule 59 Motion") (ECF No. 102). The Court has reviewed Defendant's responses (ECF Nos. 103, 104, 104) and Plaintiff's replies (ECF Nos. 106, 107).[2] For the reasons discussed below, Plaintiff's motions are denied.

---

[1] The Court resolved other claims on Renown's motion to dismiss. (ECF No. 77.)

[2] Plaintiff did not file a reply in support of his Rule 52 Motion.

## II. RELEVANT BACKGROUND

The relevant background facts are recited in the Court's Order entered on March 23, 2018 ("the Order") which serves as the basis for Plaintiff's current three motions. (ECF No. 93.) The Order resolved Defendant's motion for summary judgment ("Defendant's MSJ") and Plaintiff's motion for summary judgment ("Plaintiff's MSJ"). (*Id.*)

## III. DISCUSSION

Plaintiff filed three motions to challenge the Court's Order granting summary judgment in favor of Defendant. While two of the motions—Rule 52 Motion and Rule 59 Motion—are improper because there was no trial, the Court essentially construes these motions as similar to Plaintiff's Rule 59(e) Motion.

### A. Rule 52 Motion

Plaintiff's Rule 52 Motion argues that the Court erroneously considered certain facts in adopting Defendant's version of the facts and urges the Court to consider new facts. Plaintiff appears to argue that the Court is required to set out separate findings of facts under Rule 52. However, Rule 52 does not apply because the Court addressed the claims on summary judgment, not in a trial.

### B. Rule 59 Motion

Plaintiff's Rule 59 Motion appears to ask for a new trial based on similar arguments raised in Plaintiff's MSJ and Rule 59(e) Motion. To the extent Plaintiff asks for a new trial, his request is denied. The Court also considers arguments raised in the Rule 59 Motion as seeking reconsideration and addresses them in connection with Plaintiff's Rule 59(e) Motion.

### C. Rule 59(e) Motion

While Rule 59(e) allows a district court to reconsider and amend a previous order, the rule provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless

the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890 (citing *389 Orange St. Partners*, 179 F.3d at 665).

Plaintiff's Rule 59(e) Motion argues that the Court committed error in finding that nursing assistants are not similarly situated to nurses. (ECF No. 101 at 2-4.) The Court found that Plaintiff failed to offer evidence to establish the fourth factor in his prima facie case—that similarly situated employees were treated more favorably. (ECF No. 93 at 8.) The Court noted that Plaintiff, who is a certified nursing assistant ("CNA"), compares himself not to female CNAs but instead to female licensed nurses. (*Id.*) Plaintiff argues that the Court committed error and offers to show that the two positions are comparable. However, the Court made this observation based on the undisputed evidence presented as to Renown's policies that CNAs are to assist a licensed nurse. (*Id.* at 2.) That Plaintiff has a different view of the two positions is not enough to create a genuine issue of material fact to defeat summary judgment. More importantly, the Court found that even if Plaintiff can establish a prima facie case, Defendant offered legitimate business reasons for the challenged employment decisions for which there was no evidence of pretext. (*Id.* at 9-12.) Thus, Plaintiff's claimed error as to the prima facie case does not affect the Court's ultimate finding in favor of Defendant.

Plaintiff also argues that the Court should not have relied on declarations submitted in support of Renown's motion because they lack foundation, are not supported by the records, and either contain disputed or false information. (ECF No. 101 at 4-10; ECF No. 102.) However, the evidence here includes testimonies, through depositions and declarations, of individual employees. The challenged declarations were made based on the witnesses' personal knowledge and are admissible under Rule

///

3

56(c). As for Plaintiff's allegations offered to dispute the statements in the challenged declarations, Plaintiff is rehashing arguments made in opposition to Defendant's MSJ.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Plaintiff's motions.

It is therefore ordered that the following motions are denied: (1) Rule 52 Motion to Admit and Amend Finding of Facts (ECF No. 100); (2) Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 101); and (3) Rule 59 Motion for New Trial (ECF No. 102).

DATED THIS 6th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE